**Texas Department of Insurance**
Legal & Regulatory Affairs, Mail Code 110-1A
333 Guadalupe • P. O. Box 149104, Austin, Texas 78714-9104
512-475-1821 telephone • www.tdi.state.tx.us

RECEIVED
MAY 2 0 2010
LEGAL DEPARTMENT

May 20, 2010

Certified Mail No. 7009 1680 0001 5376 9868
Return Receipt Requested

Lexington Insurance Company
Attn: Shawn Everett Kelley, President
100 Summer Street
Boston, MA 02110-2103

Re: Cause No. 2010-24580; *Glen Willow Apartments vs. Lexington Insurance Company, et al.*;
In the 165th Judicial District Court of Harris County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find a citation and Original Petition, Request for Disclosure, in the above-referenced matter. These documents were served upon the Commissioner of Insurance on May 17, 2010.

Sincerely,

*Cydney Lee*

Cydney Lee
Agency Counsel Section
Legal & Regulatory Affairs
(512) 322-5071

Enclosures


EXHIBIT A

Cert mail 7009 2820 0002 8277 9793

CAUSE NO. 201024580

2010 MAY 20 AM 11:32

RECEIPT NO. 1876    0.00    MTA
RECEIVED    04-19-2010    TR # 72528287

PLAINTIFF: GLEN MEADOWS APARTMENTS
TDI-LEGAL SERVICES
vs.
DEFENDANT: LEXINGTON INSURANCE COMPANY

In The 165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: LEXINGTON INSURANCE COMPANY BY SERVING THROUGH THE COMMISSIONER OF
INSURANCE MIKE GEESLIN 333 GUADALUPE AUSTIN TEXAS 78701
FORWARD TO
100 SUMMER STREET   BOSTON MA 021102103

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 19th day of April, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 27th day of April, 2010, under my hand and
seal of said Court.

Issued at request of:
OREE, ROBERT W.
4607 SAN PEDRO #125
SAN ANTONIO, TX 78232
Tel: (210) 404-1320
Bar No.: 12579200

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline   Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: PEREZ, ANITA   IOJ/FDC/8686360

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 12:00 o'clock P.M., on the 10 day of May, 2010.
Executed at (address) 333 Guadalupe Austin TX 78701 in
Travis County at _____ o'clock ___.M., on the ___ day of _____,
___, by delivering to Lexington Insurance Co Commissioner Mike Geeslin defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this ___ day of _____, ___.

Fee: $_____

_____ of _____ County, Texas

By _____
Affiant            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___ day of _____, ___.

Notary Public

N.INT.INSR.P

CAUSE NO. 2010 24580

| | | |
|---|---|---|
| GLEN WILLOW APARTMENTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | 105 JUDICIAL DISTRICT |
| LEXINGTON INSURANCE COMPANY, CUNNINGHAM LINDSEY U.S. INC. and ROBERT HAVANEC | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |



## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GLEN WILLOW APARTMENTS, files this original petition complaining of Defendants, Lexington Insurance Company and its adjusters, Cunningham Lindsey U.S. Inc. and Robert Havanec and would show this honorable court as follows:

### I. Parties, Venue and Discovery Level

Plaintiff is a Texas limited liability company that owns and operates an apartment complex in Houston, Harris County, Texas and is an insured under a surplus lines insurance policy with Lexington Insurance Company.

Defendant, Lexington Insurance Company (hereafter "Lexington"), is a surplus lines insurance company doing business in Texas and can be served through the Commissioner of Insurance, Mike Geeslin, at 333 Guadalupe, Austin, Texas 78701. Lexington's mailing address is 100 Summer Street, Boston, Massachusetts 02110-2103.

Defendant, Cunningham Lindsey U.S. Inc. (hereafter "Cunningham Lindsey"), is a Texas corporation registered to do business in Texas and can be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste. 235, Houston, Texas 77062.

Defendant, Robert Havanec, is a Texas resident that is engaged in the insurance business in Texas and can be served at his place of business, Cunningham Lindsey, 4201 FM 1960 West, Suite 855, Houston, Texas 77063.

The venue of this case is proper in Harris County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiff's property at 10600 South Post Oak Road, Houston, Texas sustained wind and water damage as a result of Hurricane Ike on September 13, 2008. Plaintiff had purchased from Lexington an insurance policy to cover its property from September 4, 2008 to October 1, 2009 for damage from windstorm, hail, hurricane and water. After the hurricane, Plaintiff promptly reported this claim to Lexington.

Lexington then hired Defendants, Cunningham Lindsey and Robert Havanec, as its adjusters to investigate and report on the hurricane damage to Plaintiff's apartments. Plaintiff believes that Lexington hires Cunningham Lindsey and Robert Havanec because these adjusters are biased for insurance compies and will give them favorable, result-oriented estimates on which an insurer can low-ball an insurance claim. True to form, in a December 15, 2008 estimate, Lexington and its adjusters low-balled the estimate of the damage to Plaintiff's apartments at only $79,830, of which only $72,461.26 was paid to Plaintiff. Based upon its experience with hurricane claims, Lexington knew or should have known that

this estimate was grossly insufficient. As part of Defendants bad faith attempt to low-ball Plaintiff's Hurricane Ike damage claim, Robert Havanec of Cunningham Lindsey prepared a Sworn Statement in Proof of Loss incorrectly stating that the whole loss and damage to the apartments was only $355,561.63 and that the amount claimed under the policy was $72,461.26. Robert Havanec told Plaintiff's representatives that Plaintiff had to sign and swear to this proof of loss that Havanec had prepared before it would be paid. On August 4, 2009, Plaintiff corrected and signed the sworn statement in proof of loss indicating that additional claim amounts were owed.

Realizing that Defendants had low-balled its hurricane damage claim and had not properly investigated the claim, Plaintiff hired its own loss consultant, Gary Pennington, to assist Plaintiff with the adjustment of the claim. Plaintiff and its representatives then asked Defendants to reevaluate and properly adjust the damage to Plaintiff's apartment. Defendants then hired EGP & Associates, Inc. to reevaluate the damage to Plaintiff's apartment. After this reinvestigation, Defendants presented Plaintiff with a total replacement cost estimate of $637,966. After deducting $155,847.55 in depreciation; a $199,722.24 deductible and the $72,461.26 previous payment, Defendants stated that Plaintiff was owed only $209,934.95 for all the Hurricane Ike damage to its apartments. Robert Havanec also told Plaintiff's loss consultant, Gary Pennington, that the $209,934.95 would only be paid if Plaintiff signed a release of all claims in exchange for the payment. Plaintiff did not accept Defendants' bad faith offer since Lexington and its adjusters are required to make unconditional payments on the covered damages they determined in their $637,966 estimate. In doing so, Lexington, Cunningham Lindsey and Robert Havanec violated their duties under the Texas Insurance Code, including, without limitation, their duty to pay unconditionally when liability has become reasonably clear.

In addition, Plaintiff's loss consultant in a May 18, 2009 estimate calculated the Hurricane Ike damage to the Glen Willow apartments at $957,114.35. Plaintiff or its representatives provided a copy of this report to Lexington, Cunningham Lindsey and Robert Havanec. Glen Willow has also incurred a loss of business income which has not been completely calculated and which Defendants have failed to address. To date, Lexington, Cunningham Lindsey and Robert Havanec have failed and refused to pay

Plaintiff for the proper repair of the damage to its property and for its loss of business income caused by the windstorm of Hurricane Ike.

### V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, Lexington and its surplus lines agent, Cunningham Lindsey, had the duty to investigate and pay Plaintiff's policy benefits for claims made for damages caused by hurricane, water and windstorm damage to its property. As a result of this damage, which is covered under Plaintiff's insurance policy with Lexington, Plaintiff's property has suffered extensive property damage and loss of business income. Lexington and Cunningham Lindsey have breached this contractual obligation and the subject insurance policy by failing to pay Plaintiff's policy benefits for the cost to properly repair the damage to its property and for Plaintiff's loss of business income. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

### VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Lexington's and Cunningham Lindsey's acts, omissions, and failures that are described in this petition violate Chapter 542 of the Texas Insurance Code. Within 30 days after the receipt of either actual or written notice of Plaintiff's hurricane/windstorm damage, these Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for its hurricane/windstorm damage. As a result, Lexington and Cunningham Lindsey have violated Chapter 542 by failing to accept or reject Plaintiff's claims in writing within 51 days after receiving either actual or written notice of Plaintiff's claim. Lexington and Cunningham Lindsey have also violated Chapter 542 by failing to pay Plaintiff's claims within 105 days after they received either actual or written notice of the claims or within 75 days after any other applicable statutory period. In the event it is determined that Lexington owes Plaintiff any additional monies, Lexington and Cunningham Lindsey have automatically violated Chapter 542 of the Texas Insurance Code.

### VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against

Lexington, Cunningham Lindsey and Robert Havanec under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendants. S[...] violations of Lexington, Cunningham Lindsey and Robert Havanec of the DTPA i[...] limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this peti[...] have violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. [...] Defendants' violations include, without limitation, (1) their unreasonable [...] investigation, adjustment and resolution of Plaintiff's claims, (2) their fa[...] investigate Plaintiff's claims, (3) their hiring of and reliance upon biased esti[...] favorable, result-oriented investigation to assist Defendants in low-ball[...] hurricane/windstorm damage claim, (4) their failure to pay for the proper rep[...] property, (5) their failure to pay for the Plaintiff's loss of business in[...] Lexington's liability had become reasonably clear, and (6) their bad faith con[...] a release in exchange for a claim payment that should have been unconditional[...]

B. As described in this petition, Defendants represented to Plaintiff that its insur[...] Defendants' adjusting and investigative services had characteristics or bene[...] not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5)[...]

C. As described in this petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the D[...]

D. As described in this petition, Defendants represented to Plaintiff that their in[...] and Defendants' adjusting and investigative services conferred or involved ri[...] or obligations that it did not have, which gives Plaintiff the right to recover [...] 17.46 (b)(12) if the DTPA;

E. By representing that Lexington would pay to repair the damages caused [...] hurricane, and water and then not doing so, Lexington, Cunningham Lindsey and Robert Havanec have violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

F. Lexington has breached an express warranty that the damage caused by hurricane/windstorm damage would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

G. Lexington's, Cunningham Lindsey's and Robert Havanec's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a) (3) of the DTPA; and

H. Lexington's, Cunningham Lindsey's and Robert Havanec's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Lexington, Cunningham Lindsey and

Robert Havanec are a producing cause of Plaintiff's damages that are described in this petition.

### VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Lexington, Cunningham Lindsey and Robert Havanec under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Lexington, Cunningham Lindsey and Robert Havanec have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Lexington's, Cunningham Lindsey's and Robert Havanec's failure to properly investigate Plaintiff's claims. They also include Lexington's, Cunningham Lindsey's and Robert Havanec's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and their failure to pay for the proper repair of Plaintiff's property and their failure to pay for the Plaintiff's loss of business income on which Lexington's liability had become reasonably clear. They also include Defendants' hiring of and reliance upon biased adjusters and estimators to obtain favorable, result-oriented investigations and estimates to assist them in low-balling Plaintiff's hurricane/windstorm claim and Defendants failure to look for coverage and give Plaintiff the benefit of the doubt. They further include Lexington's, Cunningham Lindsey's and Robert Havanec's bad faith conduct in requesting a release before making a required claim payment. Specifically, Lexington, Cunningham Lindsey and Robert Havanec are guilty of the following unfair insurance practices:

    A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B. Engaging in unfair claims settlement practices;

    C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims on which Defendants' liability has become reasonably clear;

    E. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

F. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Lexington and Cunningham Lindsey have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Lexington's, Cunningham Lindsey's and Robert Havanec's conduct as described herein has resulted in Plaintiff's damages.

### IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Lexington and Cunningham Lindsey have breached their common law duty of good faith and fair dealing by denying Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Lexington and Cunningham Lindsey have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claims because they knew or should have known that it was reasonably clear that the claim was covered. Lexington's and Cunningham Lindsey's acts, omissions, failures, and conduct proximately caused Plaintiff's damages.

### X. Waiver and Estoppel

Lexington, Cunningham Lindsey and Robert Havanec have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

### XI. Damages

The above described acts, omissions, failures and conduct of Lexington, Cunningham Lindsey and Robert Havanec have caused Plaintiff's damages which include, without limitation, loss of business income, the cost to properly repair its property and any investigative and engineering fees incurred during the claim process. Plaintiff is also entitled to recover the amount of its claim plus an 18 percent per

annum penalty on that claim against Lexington and Cunningham Lindsey as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

### XII. Additional Damages

Lexington, Cunningham Lindsey and Robert Havanec have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Lexington's, Cunningham Lindsey's and Robert Havanec's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

### XIII. Exemplary Damages

Lexington's and Cunningham Lindsey's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Lexington and Cunningham Lindsey are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish these Defendants for their wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

### XIV. Attorneys' Fees

As a result of Lexington's, Cunningham Lindsey's and Robert Havanec's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

### XV. Rule 194 Request for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Lexington Insurance Company,

Cunningham Lindsey U.S. Inc. and Robert Havanec are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and also requests that Defendants be cited to appear and answer, and that on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual property damages of approximately $957,114.35, loss of business income, investigative costs of approximately $9,000 and economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court;

2. Reasonable attorneys' fees through trial and on appeal;

3. Pre-judgment and post-judgment interest as provided by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree, Hernandez & Lipscomb*
14607 San Pedro, Suite 125
San Antonio, Texas 78232
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: *Robert W. Loree*
Robert W. Loree
State Bar No. 12579200
Thomas Hernandez
State Bar No. 09516400

Attorneys for Plaintiff

**LEXINGTON INSURANCE COMPANY**
Administrative Office 100 Summer Street, Boston, Massachusetts 02110-2103
(hereinafter called the Company)

COMMERCIAL PROPERTY POLICY
DECLARATIONS

SOUTHERN RISK SPECIALISTS
8144 WALNUT HILL LANE
SUITE 1600
DALLAS, TEXAS 75231

POLICY NUMBER: 032582700                                    RENEWAL OF: 8128383

ITEM 1.  Named Insured: AMCAT

         Address: P. O. BOX 25243

                  DALLAS,   TX 75225-5243

ITEM 2.  Policy Period:
         From: 08/31/2008                TO: 09/30/2009
         at 12:01 A.M. Standard Time at the address of the named insured shown above.

ITEM 3.  Limit of Insurance:
         $25,000,000 ANY ONE OCCURRENCE FOR ALL PERILS, COVERAGES AND LOCATIONS COMBINED AND SUBJECT TO THE ATTACHED SUBLIMITS.

         Total Premium    2,946,757        Minimum Earned Premium    $736,689

ITEM 4.  Perils:
         ALL RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE INCLUDING FLOOD, EARTHQUAKE AND EQUIPMENT BREAKDOWN.

ITEM 5.  Description of Property Covered:                                    Coinsurance
         REAL & PERSONAL PROPERTY, BUSINESS INTERRUPTION, EXTRA EXPENSE,       NIL
         DEBRIS REMOVAL, DEMOLITION & INCREASED COST OF CONSTRUCTION(DICC),
         VALUABLE PAPERS, ACCOUNTS RECEIVABLE, FINE ARTS, EDP AND EQUIPMENT
         BREAKDOWN

         STATE TAX  $142,917.71
         STAMPING FEE  $1,968.05
         FEES _____

ITEM 6.  Mortgagee Clause: Loss, if any shall be payable to:

ITEM 7.  Forms Attached:

         See attached forms schedule

                                                    *[signature]*
                                                    Authorized Representative OR
                                                    Countersignature (In states where applicable)

PRPDEC(Ed.01/91)
LX1119

EXHIBIT B