UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN WILLOWS APARTMENTS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-10-2095 |
| § | |
| LEXINGTON INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Glen Willow Apartments' ("Glen Willow") Motion to Remand and for Costs for Wrongful Removal (Doc. 12), as well as Defendants Cunningham Lindsey U.S. Inc. ("Cunningham") and Robert Havanec's ("Havanec") response (Doc. 13), Defendant Lexington Insurance Company's ("Lexington") response (Doc. 14), and Glen Willows' reply (Doc. 15). Upon review and consideration of this motion, the responses and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case. Plaintiff Glen Willow alleges that its property at 10600 South Post Oak Road in Houston, Texas sustained wind and water damage as a result of Hurricane Ike on September 13, 2008. (Doc. 1-1 at 4.) Glen Willow had purchased an insurance policy from Defendant Lexington to cover the subject property from September 4, 2008 to October 1, 2009 for damage from windstorm, hail, hurricane and water. (*Id.*) After the hurricane, Glen Willow reported its claim to Lexington. (*Id.*) Lexington then hired Defendants Cunningham and Havanec as its adjusters to investigate and report on the hurricane damage to Glen Willow's

apartments. (*Id.*) Plaintiff alleges that Lexington hired Cunningham and Havanec "because these adjusters are biased for insurance companies and will give them favorable, result-oriented estimates on which an insurer can low-ball an insurance claim." (*Id.*)

On December 15, 2008, Lexington estimated the damage to Glen Willow's apartments at $79,830.00. (*Id.*) Glen Willow alleges that it was then paid only $72,461.26, an amount it believes "was grossly insufficient." (*Id.* at 4–5.) Glen Willow further alleges that it has "incurred a loss of business income which has not been completely calculated . . . ." (*Id.* at 5.)

On April 19, 2010, Glen Willow filed their Original Petition in the 165th Judicial District Court of Harris County, Texas asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of Chapter 542 of the Texas Insurance Code against Lexington and Cunningham, as well as violations of the Texas Deceptive Trade Practices Act ("DTPA") and "Unfair Insurance Practices" against all Defendants. (Doc. 1-1.) On June 15, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1 at 2.) Plaintiff now moves for remand to state court. (Doc. 12.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing

party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All facts are view most favorable to the plaintiffs. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III. Discussion

Plaintiff argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Defendants contend that Plaintiff improperly joined Defendants Cunningham and Havanec to defeat diversity. The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent joinder is a heavy one[.]" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1)

actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003).

When evaluating the Plaintiff's possibility of recovering against the in-state Defendants, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005); *B., Inc. v. Miller Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Cunningham and Havanec, the in-state defendants. *Smallwood*, 385 F.3d at 573. Defendants urge that Glen Willow cannot recover from Cunningham and Havanec because they "were retained to serve as outside independent

adjusters on behalf of Lexington." (Doc. 14 at 3.) Glen Willow responds that "an adjuster has independent liability for his or its conduct which violates the Texas Insurance Code." (Doc. 15 at 3.) While Glen Willow is correct, its complaint fails to plead any facts in support of its allegations. The petition fails to allege any particular instance when Cunningham or Havanec subjected himself to liability separate and apart from Lexington. Cunningham and Havanec were not parties to the insurance contract between Glen Willow and Lexington and therefore owed Glen Willow no duty. *See, Natividad v. Alexis, Inc.*, 875 S.W.2d 695 (Tex. 1994). Finally, "Unfair Insurance Practices," or negligent insurance adjusting, is not a cognizable tort in Texas. *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209 (5th Cir. 1994).

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Glen Willow Apartments' Motion to Remand and for Costs for Wrongful Removal (Doc. 12) is **DENIED**.

Defendants Cunningham Lindsey U.S. Inc. and Robert Havanec are **DISMISSED**.

Plaintiff's Motion to Refer its Motion to Remand to the Magistrate Judge (Doc. 27) is **MOOT**.

SIGNED at Houston, Texas, this 16th day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE